UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**1699 RIDGE ROAD E., CO.,**

    **Plaintiff,**

    -against-          **COMPLAINT**

**UNITED CALL CENTER SOLUTIONS, LLC**
**and CONDUENT BUSINESS SERVICES, LLC,**

    **Defendants.**

---

Plaintiff 1699 Ridge Road E., Co. ("Plaintiff"), by its attorneys, Harter Secrest & Emery LLP, as and for its Complaint against United Call Center Solutions, LLC and Conduent Business Services, LLC, alleges as follows:

**PARTIES**

1. Plaintiff is a New York corporation having a principal place of business in Rochester, New York.

2. Defendant United Call Center Solutions, LLC ("Tenant") is a Delaware limited liability company, with its principal place of business in Dallas, Texas.

3. Defendant Conduent Business Services, LLC ("Conduent") is a Delaware limited liability company, with its principal place of business in Dallas, Texas.

4. Tenant is authorized by the New York State Department of State to conduct business within the State and, in fact, Tenant regularly conducts business within New York, operating call centers throughout the State, including in this District.

5. Conduent is authorized by the New York State Department of State to conduct business within the State and, in fact, Conduent regularly conducts business within New York operating call centers throughout the State, including in this District.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where payment being sought is due.

8. This Court has personal jurisdiction over the defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of New York and this District, and/or they have regularly and systematically transacted business in this District directly or through intermediaries.

## FACTUAL BACKGROUND

*Overview of the Parties' Relationship*

9. Plaintiff is the owner and landlord of the building and real property located in Rochester, New York known as One Medley Centre (the "Premises").

10. On or about April 7, 2017, Plaintiff entered into a written Agreement of Lease, dated as of April 7, 2017 (the "Lease") with Conduent consisting of approximately 62,760 square feet at the Premises. Attached hereto as **Exhibit A** is a true and accurate copy of the Lease.

11. On or about August 18, 2017, the Lease was amended (the "First Amendment). Attached hereto as **Exhibit B** is a true and accurate copy of the First Amendment.

12. On or about January 29, 2019, Conduent assigned its interest in the Lease to Tenant, pursuant to an assumption of the Lease, dated January 31, 2019 (the "Assignment"). Tenant agreed to "completely pay, perform, observe, comply with, discharge, honor and satisfy, all obligations of Assignor" under the Lease. Attached hereto as **Exhibit C** is a true and accurate copy of the Assignment.

13. Under Section 15 of the Lease, prior to assigning the Lease, Conduent was required to "obtain[] Landlord's prior written consent" for an assignment. Conduent's obligations under the Lease were not relieved "unless the creditworthiness of the proposed assignee meets Landlord's reasonable criteria for a tenant of the then-remaining Term of the Lease."

14. Conduent did not seek nor obtain Landlord's prior written consent for the assignment of the Lease to Tenant.

15. Tenant operates a call center at the Premises today.

*Relevant terms and conditions of the Lease*

16. Pursuant to the terms of the Lease, in consideration for its possession and use of the Premises, Conduent covenanted and agreed to pay certain rent and additional rent to Plaintiff on the first day of each month, in amounts specified in the Lease.

17. Pursuant to the terms of the Lease, Tenant has an absolute and unconditional obligation to pay Plaintiff the rent due and owing thereunder, without any offset, abatement or deduction whatsoever.

18. Under Section 3 of the Lease, "Tenant agrees to pay the Base Rent at the rates set forth above in equal monthly installments in advance on or before the first day of each month."

19. Pursuant to Section 3 of the Lease, the Base Rent (for the relevant period at issue in this dispute/action) is $627,620 per year, or $52,301.67 per month.

20. Furthermore, pursuant to Section 3, in addition to the Base Rent, "Additional Rent shall be paid monthly […] in accordance with the Operating Expense Rider attached to and made part of this Lease" (collectively, the "Rent").

21. Exhibit H of the Lease, the Operating Expense Rider, provides: "In addition to the rent (as additional rent) Tenant shall pay Landlord its pro rata share of reasonable and customary Operating Expenses and Real Estate Taxes and all Utility Costs applicable to Tenant."

22. Under Section 21 of the Lease, Tenant is in default of the Lease if either Tenant has failed to "make any payment of rent or other payment required" under the Lease when due, where such failure continued for ten (10) days after notice from Landlord; or if Tenant fails to "observe or perform any of the covenants, conditions or provisions of [the] Lease where such failure [] continues for a period of thirty (30) days after receipt of written notice."

23. Pursuant to Section 22, if Tenant is in default of any provision of the Lease and such default is not cured within any applicable cure period, Plaintiff has the right to:

    i. terminate the Lease; or

    ii. re-enter the Premises and remove all persons and property.

*Tenant's and Conduent's breaches of the Lease*

24. On or about April 6, 2020, after failing to make timely payment of Rent due under the Lease for the month of April, Plaintiff provided a Notice of Default to Tenant. Attached hereto as **Exhibit D** is a true and accurate copy of the April 6, 2020 correspondence.

25. On or about April 9, 2020, Tenant informed Plaintiff that due to Executive Orders issued by New York State Governor Andrew Cuomo, Tenant was entitled to a rent abatement. Attached hereto as **Exhibit E** is a true and accurate copy of the April 9, 2020 correspondence.

26. On or about May 6, 2020, again after failing to make timely payment of Rent due under the Lease for the month of April and now May, Plaintiff provided a Notice of Default to Tenant. Attached hereto as **Exhibit F** is a true and accurate copy of the May 6, 2020 correspondence.

27. On or about May 7, 2020, Tenant responded to Plaintiff, again asserting that their use of the Premises has been frustrated by New York State Executive Orders, and now attempting to formally provide notice of their cancellation and termination of the Lease. Attached hereto as **Exhibit G** is a true and accurate copy of the May 7, 2020 correspondence.

28. On or about May 13, 2020, Plaintiff responded to Tenant again demanding Rent due under the Lease for April and May, and rejecting Tenant's legal claims for abatement, and cancellation and termination of the Lease. Attached hereto as **Exhibit H** is a true and accurate copy of the May 13, 2020 correspondence.

29. On or about May 13, 2020, Plaintiff also sent a demand notice to Conduent for the Rent due under the Lease, explaining that Conduent had "not been affirmatively released of its obligations under the Lease." Attached hereto as **Exhibit I** is a true and accurate copy of the May 13, 2020 correspondence.

30. On or about May 22, 2020, Tenant responded to Plaintiff and reiterated its earlier position as articulated in prior correspondence. Attached hereto as **Exhibit J** is a true and accurate copy of the May 22, 2020 correspondence.

31. To date, Tenant has refused to pay Rent due under the Lease for April or May, 2020.

32. Tenant has been and is currently in possession of the Premises pursuant to the Lease.

33. Upon information and belief, Tenant continues to use the Premises to operate its business.

34. In breach of Tenant's obligations under Section 3 of the Lease, Tenant has failed to pay Plaintiff the Base Rent due and owing under the Lease for the months of April and May, 2020 in the amount of One Hundred and Four Thousand Six-Hundred and Three Dollars and Thirty-Four Cents ($104,603.34).

35. Tenant has further advised that its non-payment of rent will continue, as a result of the circumstances related to COVID-19.

36. In breach of Tenant's obligations under Section 3 of the Lease, Tenant has failed to pay Plaintiff Additional Rent for the months of April and May, 2020 in the amount of Sixty-Four Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($64,390.53).

37. Conduent, as Assignor to Tenant, has also failed to pay Plaintiff as required pursuant to Section 15 of the Lease.

38. Plaintiff recognizes the challenges posed by COVID-19, including on its own business. Under the express terms and provisions of the Lease, however, Tenant and Conduent are obligated to pay Rent, and that obligation is not excused.

39. Tenant's attempts to cancel and terminate the Lease pursuant to Section 10(j) are without merit as Section 10(j) only applies in the event that the Landlord has failed to provide certain enumerated services to the Tenant.

40. All conditions precedent to the filing of this action have been fulfilled, satisfied, waived, or excused.

41. This action does not waive any rights of Plaintiff, including the rights to seek eviction of Tenant, terminate the Lease, and reenter and relet Premises, including in a separate legal action, which rights are expressly reserved.

42. In addition, Plaintiff reserves the right to obtain a money judgement for damages for any future Rent due and owing under the Lease, including in a separate legal action.

43. By reason of the foregoing, there is presently due to Plaintiff from Tenant the sum of at least One Hundred Sixty-Eight Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($168,390.53), and other items of additional rent which may become due and payable under the Lease.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract/Money Damages)

44. Plaintiff repeats, realleges and reiterates each and every allegation set forth above, as though fully set forth at length herein.

45. A valid contract, *i.e.*, the Lease, existed between Plaintiff and Conduent.

46. Conduent assigned its interest in the Lease to Tenant.

47. Plaintiff complied with its obligations under the terms of the Lease and has performed any and all conditions on its part to be performed, as required by the Lease.

48. Tenant failed to comply with the terms and conditions of the Lease.

49. Specifically, in breach of Tenant's obligations under Section 3 of the Lease, Tenant has defaulted under the Lease, by failing to pay to Plaintiff Base Rent, in the amount of One Hundred and Four Thousand Six-Hundred and Three Dollars and Thirty-Four Cents ($104,603.34), which amount comprises fixed rent in the amount of Fifty-Two Thousand Three

Hundred and One Dollars and Sixty-Seven Cents ($52,301.67) per month, for the months of April and May, plus Additional Rent in the amount of Sixty-Four Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($64,390.53) for the same time period.

50. Plaintiff made demand upon the Tenant for payment of the amounts due, but despite the demand, Tenant failed to tender payment.

51. By reason of the foregoing, Tenant is liable to Plaintiff for money damages, in the sum of at least One Hundred Sixty-Eight Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($168,390.53), through the date hereof, together with interest thereon from the date on which said payment obligation accrued, no part of which has been paid.

52. In addition, Plaintiff reserves the right to obtain a money judgement for damages for all rent due and owing under the Lease through and including the date of judgement.

## **SECOND CLAIM FOR RELIEF**
**(Breach of Contract/Money Damages)**

53. A valid contract, *i.e.*, the Lease, existed between Plaintiff and Conduent.

54. Conduent assigned its interest in the Lease to Tenant.

55. Pursuant to Section 15 of the Lease, prior to the Assignment, Conduent was required to "obtain[] Landlord's prior written consent."

56. Moreover, pursuant to Section 15 of the Lease, Conduent's obligations under the Lease were not relieved "unless the creditworthiness of the proposed assignee meets Landlord's reasonable criteria for a tenant of the then-remaining Term of the Lease."

57. Prior to the Assignment, Conduent never sought nor obtained Plaintiff's written consent for the Assignment.

58. As alleged above, Tenant has breached and failed to make payments under the Lease.

59. Plaintiff made demand upon the Tenant for payment of the amounts due, but despite the demand, Tenant failed to tender payment.

60. By reason of the foregoing, Conduent is liable to Plaintiff for money damages, in the sum of at least One Hundred Sixty-Eight Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($168,390.53), through the date hereof, together with interest thereon from the date on which said payment obligation accrued, no part of which has been paid.

61. In addition, Plaintiff reserves the right to obtain a money judgement for damages for all rent due and owing under the Lease through and including the date of judgement.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment - Lease Cancellation and Termination)

62. Plaintiff repeats, realleges and reiterates each and every allegation set forth above, as though fully set forth at length herein.

63. Tenant purports to cancel and terminate the Lease based upon Section 10(j) of the Lease.

64. Section 10(j) of the Lease only applies when the Landlord has failed to provide certain enumerated installations and/or services to Tenant.

65. Since Plaintiff has not failed to provide the enumerated installations and/or services as provided for under the Lease, Section 10(j) does not apply and therefore any purported cancellation and termination of the Lease by Tenant is not allowed.

66. Accordingly, there is substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality, as to whether Section 10(j) allows Tenant to cancel and terminate the Lease, to warrant the issuance of a declaratory judgment.

67. Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgement against Party City as follows:

1) On its First Claim for Relief, grant Plaintiff a money judgement against Tenant, in the sum of at least One Hundred Sixty-Eight Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($168,390.53), with interest;

2) On its Second Claim for Relief, grant Plaintiff a judgement against Conduent declaring Conduent is obligated to pay Rent and other amounts due under the Lease, in the sum of at least One Hundred Sixty-Eight Thousand Three Hundred and Ninety Dollars and Fifty-Three Cents ($168,390.53), with interest;

3) On its Third Claim for Relief, grant Plaintiff a judgement declaring that Section 10(j) of the Lease does not allow Tenant to cancel and terminate the Lease, and Tenant's failure and refusal to pay Rent based on Section 10(j) is not warranted and constitutes a breach of the Lease.

Dated: May 28, 2020                     HARTER SECREST & EMERY LLP


                                                      /s/ Caitlin F. Kireker
Caitlin F. Kireker, Esq.
Erika N.D. Stanat, Esq.
Attorneys for 1699 Ridge Road E.
1600 Bausch and Lomb Place
Rochester, New York 14604
ckireker@hselaw.com
estanat@hselaw.com
Telephone:  585-232-6500
Facsimile:  585-232-2152